1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

----oo0oo----

11

12

13
JAMES RIVER INSURANCE COMPANY,     NO. CIV. 2:13-00140 WBS AC
an Ohio corporation,

14
          Plaintiff,               MEMORANDUM AND ORDER RE:
                                   MOTION TO STAY

15
     v.

16
RV TOMLINSON CONSTRUCTION,
INC., a California

17
corporation; TOMLINSON & SON
CONSTRUCTION, INC., a

18
California corporation; DEANNA
DAILEY, a California citizen;

19
NAXOS INSURANCE COMPANY, a
Delaware corporation; GEMINI

20
INSURANCE COMPANY, a Delaware
corporation; and LANDMARK

21
AMERICAN INSURANCE COMPANY, an
Oklahoma corporation,

22

          Defendants.

23
_____/

24
                         ----oo0oo----

25
          Plaintiff James River Insurance Company ("JRIC")

26
brought this action against defendants RV Tomlinson Construction,

27
Inc., Tomlinson & Son Construction, Inc. (together, "Tomlinson"),

28
Deanna Dailey, Naxos Insurance Company ("Naxos"), Gemini

1

1  Insurance Company ("Gemini"), and Landmark American Insurance

2  Company ("Landmark") for declaratory relief arising out of its

3  defense of Tomlinson in an underlying lawsuit.  Presently before

4  the court is Tomlinson's motion to stay this action until

5  termination of the underlying suit.  (Docket No. 16.)

6  I.   Factual and Procedural Background

7        Deanna Dailey, a resident of the Pagoda Gardens

8  Apartments in Yuba City, developed pulmonary disease.  (Compl. ¶¶

9  11-12 (Docket No. 1).)  In a civil suit filed in state court in

10 2011 (the "Dailey Action"), she alleged that various defendants

11 allowed pigeons to roost in and around air conditioning units

12 mounted on the roof of her apartment building, which resulted in

13 pigeon feathers and fecal particles migrating into the

14 ventilation system of her apartment and causing her injuries.

15 (Id. ¶ 12.)  She brings a single cause of action for "Personal

16 Injury/Negligence/Premises Liability."  (Id.)

17        Tomlinson was added to the Dailey Action in April 2012

18 and Dailey alleged that Tomlinson was responsible for maintenance

19 of the roof of her apartment building during her tenancy.  (Id. ¶

20 13.)  Tomlinson tendered defense of the Dailey Action to

21 plaintiff, Naxos, and Gemini.[1]  (Id. ¶ 14.)  The three insurers

22 agreed to defend Tomlinson under their respective reservations of

23 rights.  (Id.)

24        On January 24, 2013, plaintiff filed an action for

25 declaratory relief in this court, alleging that it had no duties

26

27        [1]   Although plaintiff names Landmark as a defendant and
   alleges that it issued insurance to Tomlinson, it did not allege
28 that Landmark accepted defense of Tomlinson in the Dailey Action.

to defend or indemnify Tomlinson pursuant to two Comprehensive
General Liability Policies it issued to Tomlinson: Policy Number
00032118-0, having a term of June 2008 through June 2009 ("2008
Policy") and Policy Number 00032118-1, having a term of June 2009
through June 2010 ("2009 Policy") (collectively, the "Policies").
(Compl. Exs. A, B (Docket Nos. 1-1, 1-2).)  Plaintiff alleges
that there is no coverage or potential for coverage as to any
claims arising in the Dailey Action based on four applicable
exclusions in the Policies: Occupational Disease Exclusion,
Absolute Pollution Exclusion, Claims in Progress Exclusion, and
Fungi or Bacteria Exclusion.  (Compl. ¶ 17.)

Plaintiff seeks a declaration that it has no duty to
defend Tomlinson; that Naxos, Gemini, and Landmark have no right
of equitable contribution or equitable subrogation against it for
their defense of Tomlinson; and that it is equitably entitled to
recover the attorney's fees and costs expended in defense of the
Dailey Action.  (Id. ¶ 20.)  Plaintiff additionally seeks a
declaration that it has no duty to indemnify Tomlinson and that
Naxos, Gemini, and Landmark have no right of equitable
contribution or equitable subrogation against it for their
indemnification of Tomlinson.  (Id. ¶ 25.)

Tomlinson now moves to stay this action pending
resolution of various factual determinations in the Dailey
Action.  (Docket No. 16.)  Naxos filed a statement of non-
opposition.  (Docket No. 22.)  Plaintiff opposes the motion.
(Docket No. 23.)

///

///

3

1    II.   Legal Standard

2          Under the Declaratory Judgment Act, 28 U.S.C. § 2201,

3    district courts have "unique and substantial discretion" in

4    determining whether to decide declaratory relief actions.  Wilton

5    v. Seven Falls Co., 515 U.S. 277, 286 (1995); see id. at 288

6    ("Consistent with the nonobligatory nature of the remedy, a

7    district court is authorized, in the sound exercise of its

8    discretion, to stay or to dismiss an action seeking a declaratory

9    judgment before trial or after all arguments have drawn to a

10   close.").  "Of course, this discretion is not unfettered."  Gov't

11   Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998).

12   Guidance for the district court's exercise of authority is

13   propounded "in Brillhart v. Excess Insurance Co. of America, 316

14   U.S. 491 (1942), and its progeny."  Id.  "The Brillhart factors

15   remain the philosophic touchstone for the district court.  The

16   district court should avoid needless determination of state law

17   issues; it should discourage litigants from filing declaratory

18   actions as a means of forum shopping; and it should avoid

19   duplicative litigation."  Id. at 1225.  "However, there is no

20   presumption in favor of abstention in declaratory actions

21   generally, nor in insurance coverage cases specifically."  Id.

22   III. Discussion

23        A.   Needless Determination of State Law

24          A district court should avoid a "needless decision of

25   state law."  Id.  This factor relates to unsettled issues of

26   state law, not unsettled issues of fact in the specific action.

27   Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir.

28   1991), overruled on other grounds by Dizol,133 F.3d at 1224-25.

4

1  A stay is warranted where "[t]he precise state law issues at
2  stake in the present case are the subject of a parallel
3  proceeding in state court."   Id.

4      This action presents issues involving California
5  insurance coverage law.  Specifically, it requires the
6  determination of whether certain exclusions in the Policies apply
7  to preclude coverage.  The state law at issue is not being
8  litigated in the underlying Dailey action, a civil suit for
9  negligence by a resident of the building serviced by Tomlinson.
10 While this action requires interpretation of the Policies, no
11 coverage questions are raised in the Dailey action lawsuit and
12 the court's determination of those issues would be original
13 rather than repetitive.  Thus, this factor does not weigh in
14 favor staying the action.

15      B.   Forum Shopping

16      The Ninth Circuit has said that this factor counsels
17 stay or dismissal when a declaratory judgment suit is defensive
18 or reactive.  Robsac, 947 F.2d at 1371.  In Robsac, the Ninth
19 Circuit explained that "[a] declaratory judgment action by an
20 insurance company against its insured during the pendency of a
21 non-removable state court action presenting the same issues of
22 state law is an archetype of . . . 'reactive' litigation."  Id.
23 at 1372.  There, the insured brought a claim for breach of
24 contract in state court when the insurer denied a theft claim
25 under a policy it issued the insured.  Id. at 1368.  The insurer
26 then sought declaratory relief in federal court that it was not
27 liable under the policy while the case in state court proceeded.
28 Id.

1    While plaintiff's action for declaratory judgment in
2    this case is one brought by an insurance company against its
3    insured during the pendency of a non-removable state court
4    action, it is distinguishable because the "pending state court
5    case [does not] present[] the identical issue," as explained in
6    the court's analysis under the first factor. Id. at 1372.
7    Moreover, plaintiff is not a party to the state-court action, nor
8    has it filed any other related action. See Century Sur. Co. v.
9    Byal, Civ. No. 10-03917, 2011 WL 2550832, at *3 (N.D. Cal. June
10   27, 2011) ("Forum shopping exists if a party files an action in
11   one forum, and then files the same action in a different
12   forum."). Forum shopping is thus not a concern here and this
13   factor does not counsel in favor of a stay.

14        C.   Duplicative Litigation

15        "The third Brillhart factor is the policy of avoidance
16   of duplicative litigation." Cont'l Cas. Co., 947 F.2d at 1372.
17   If the declaratory relief action is duplicative of the issues
18   being litigated in an underlying liability action, a stay is
19   favored. See Dizol, 133 F.3d at 1225 ("If there are parallel
20   state proceedings involving the same issues and parties pending
21   at the time the federal declaratory action is filed, there is a
22   presumption that the entire suit should be heard in state
23   court.").

24        Plaintiff alleges that four exclusions from the
25   Policies apply. In relevant part, the Occupational Disease
26   Exclusion provides:
27   ///
28   ///

6

1  This insurance does not apply to:

2  . . .

3  [A]ny "bodily injury" to any person or any claims by any person that they sustained "bodily injury" or the fear of
4  sustaining "bodily injury" arising out of any contact with, handling of, inhalation, absorption or exposure to
5  any environmental, chemical, or toxic agent or substance, including any dust or fumes there from, arising out of
6  the insured's operations.

7  (Compl. ¶ 17(a).)

8      In relevant part, the Absolute Pollution Exclusion

9  provides:

10  This insurance does not apply to any damages, claim, or suit arising out of the actual, alleged or threatened
11  discharge, dispersal seepage, migration, release or escape of "pollutants" including but not limited to any:
12  . . . "[b]odyily injury" . . . .

13  . . .

14  "Pollutants" mean any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic
15  irritant or contaminant, including but not limited to smoke, vapor, soot fumes, fibers radiation, acid,
16  alkalis, petroleums, chemicals, or "waste".  "Waste" includes medical waste, biological infectants, and all
17  other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

18

19  (Id. ¶ 17(b).)

20      In relevant part, the Fungi or Bacteria Exclusion

21  provides:

22  This insurance does not apply to: . . . "bodily injury" . . . which would not have occurred, in whole or in part
23  but for the actual, alleged or threatened inhalation off, ingestion of, contact with, exposure to, existence of, or
24  presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless
25  of whether any other cause, event, material or product contributed concurrently or in any sequence to such
26  injury . . . .

27  . . .

28  Fungi means any type or form of fungus, including mold or

7

1    mildew and any mycotoxins spores, scents or by products
2    produced or released by fungi.

3  (Id. ¶ 17(d).)

4        In relevant part, the Claims in Progress Exclusion
5  provides:

6        This policy does not apply to "bodily injury" . . . which
7        begins or takes place before the inception date of
         coverage, whether such "bodily injury" . . . is known to
8        an insured, even though the nature and extent of such
         damage or injury may change and even though the damage
9        may be continuous[,] progressive, cumulative, changing or
         evolving, and even though the "occurrence" causing such
10       "bodily injury" . . . may be or may involve a continuous
         or repeated exposure to substantially the same general
11       harm.

12  (Id. ¶ 17(c).)

13       Tomlinson asserts that numerous factual issues that
14  must be resolved to establish or refute plaintiff's duty to
15  defend and indemnify are duplicative of factual issues that must
16  also be decided in the Dailey action.  Examples of such factual
17  issues include: (1) Is pigeon feces an environmental, chemical,
18  or toxic substance?; (2) Is contact with pigeon feces part of the
19  insured's "operations?"; (3) When did the pigeon feces begin to
20  cause injury?; and (4) Is pigeon feces a fungus or bacteria?
21  (See Mem. in Supp. of Mot. to Stay 5-6 (Docket No. 16).)

22       There is at least one factual issue identified by
23  Tomlinson that is not merely a matter of interpretation of the
24  Policies.  Before the court can resolve plaintiff's request for
25  declaratory judgment, it must necessarily decide when Dailey's
26  injury begin for purposes of the Claims in Progress Exclusion,
27  which excludes bodily injury that begins or takes place before
28  coverage begins.  (Compl. ¶ 17(c).)  This date, however, will

                                    8

1   also be decided in the <u>Dailey</u> action, as plaintiff must show that

2   the defendants caused her injury.  If this action proceeded, the

3   effort to establish the pertinent date would necessarily be

4   duplicated and could result in inconsistent determinations.

5   "[W]hen an ongoing state proceeding involves a state law issue

6   that is predicated on the same factual transaction or occurrence

7   involved in a matter pending before a federal court, the state

8   court is the more suitable forum for a petitioner to bring a

9   related claim."  <u>Am. Nat. Fire Ins. Co. v. Hungerford</u>, 53 F.3d

10  1012, 1017 (9th Cir. 1995), <u>overruled on other grounds by</u>

11  <u>Dizol</u>,133 F.3d at 1224-25.  Thus, the fact that this issue must

12  also be decided in the <u>Dailey</u> action favors a stay in this case.

13          On balance, two of the <u>Brillhart</u> factors counsel

14  against a stay, while one favors a stay.  Numerosity is not

15  dispositive, however, and the court finds that the real risk of

16  inconsistent factual determinations in this case requires

17  additional weight in the court's balancing of the factors.  <u>See</u>

18  <u>AMCO Ins. Co. v. AMK Enterps.</u>, Civ. No. 06-1729, 2006 WL 1980405,

19  at *4 (N.D. Cal. July 13, 2006) (staying insurer's declaratory

20  judgment action regarding duty to defend that required deciding

21  the date allegedly defamatory statements were made when the state

22  court would have to make the same determination in defamation

23  claim brought in underlying suit).  Allowing two actions to

24  proceed simultaneously that both have to decide at least one

25  common factual issue would also result in a waste of judicial

26  resources.  Accordingly, the court finds staying this action to

27  be proper and prudent under the <u>Brillhart</u> factors.

28  ///

1        IT IS THEREFORE ORDERED that plaintiff's motion to stay

2   be, and the same hereby is, GRANTED.  The stay is to remain in

3   effect until the underlying Dailey action is concluded.

4   DATED:  May 8, 2013

5

6                WILLIAM B. SHUBB

7                UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28